# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ORNELAS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:12-cv-00981-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br><br><br>OBJECTIONS DUE WITHIN 15 DAYS |

**Findings and Recommendations**

On June 19, 2012, Plaintiff Jason Ornelas ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 21, 2012, the Court issued prisoner new case documents, the order regarding consent, and the first information order. Doc. 3. On July 11, 2012, the United States Postal Service returned the Court's orders as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b). In the instant case, more than sixty-three (63) days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

1  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
2  sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779
3  F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not
4  conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA)*
5  *Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

6  In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned
7  mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are
8  no other reasonable alternatives available. *See Carey*, 856 F.2d at 1441.

9  Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without
10 prejudice, based on Plaintiff's failure to prosecute pursuant to Local Rule 183(b).

11 These Findings and Recommendations will be submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days**
13 after being served with these Findings and Recommendations, Plaintiff may file written objections
14 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
15 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
16 waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th
17 Cir. 1991).

18 IT IS SO ORDERED.

19 Dated:   September 18, 2012
20                                                          UNITED STATES MAGISTRATE JUDGE